```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

PLAINS EXPLORATION &                     CIVIL ACTION
PRODUCTION COMPANY, PXP GULF
COAST LLC F/K/A PXP GULF
COAST INC. and PXP LOUISIANA
LLC

VERSUS                                   NO: 10-702

4-C'S LAND CORPORATION,                  SECTION: J (3)
CYPRESS COURT, INC., JAMES
CANTRELLE and LEONA
CANTRELLE

## ORDER AND REASONS

Before the Court is Plaintiffs' **12(b)(7) Motion for Joinder Pursuant to Rule 19 and, in the Alternative, Motion to Dismiss (Rec. Doc. 28)** and supporting memorandum, as well as Plaintiffs' **Response Memorandum in Opposition (Rec. Doc. 38)**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs are the successors to certain mineral leases in Lafourche Parish, Louisiana and are also successors to certain Clean Water Act Section 404 permits issued by the U.S. Army Corps of Engineers (USACE). These permits allowed for the construction and operation of appurtenant structures associated with the leases, including well pads, roads, and a bridge. The USACE issued these permits between 1980 and 1983. These permits require the permitee to remove all of the constructed appurtenances upon the cessation of operations.

Defendants purchased the surface rights to the lands already

burdened by Plaintiffs' mineral leases in 1995 and 2001. Plaintiffs have since plugged and abandoned all of the wells located on Defendants' lands. Pursuant to the requirements of the USACE permits, Plaintiffs developed plans, which received USACE approval, to remove the appurtenant structures and restore the property to reasonable pre-project conditions. However, Defendants allege that Plaintiffs are trying to remove: (1) appurtenances (including roads and bridges) that pre-date the USACE permits; and (2) levees that have settled to such a degree that they are now at natural marsh elevation and that their removal is now contrary to the purpose of the permits. Subsequent actions taken by Defendants have prevented Plaintiffs from executing their plans to remove the appurtenances from the properties.[1]

Consequently, Plaintiffs found themselves in a position where Defendants prevented them from performing the remediation obligations required by the USACE permits. As a result, Plaintiffs brought the instant action on February 26, 2010 seeking a declaration that they are the owners of the permitted structures and an order enjoining Defendants from preventing the removal of the structures and restoration of the property in accordance with the permits.

---

[1] These actions include an ongoing state court lawsuit filed by Defendants against Plaintiffs and threats of criminal arrest for trespass if Plaintiffs continued remediation activities.

On June 7, 2010 Defendants answered the complaint and filed a counterclaim, alleging that Plaintiffs' efforts to remove the appurtenances degraded and damaged the subject properties because the effect on the surface owner of removing longstanding features from the land was not contemplated by the USACE when it issued the initial permits.  Defendants' counterclaim sought damages for both trespass arising from Plaintiffs' having left in place constructions on the property after the expiration of the leases as well as for the cost of replacing materials removed by Plaintiffs in their efforts to comply with the USACE permits. Notably, both the complaint and the counterclaim request relief from the Court in the form of determining the exact obligations arising from the USACE permits.  In response to the counterclaim, Plantiffs filed a motion to join the USACE under a 12(b)(7) Motion for Joinder Pursuant to Rule 19.

## **THE PARTIES' ARGUMENTS**

Plaintiffs argue that the USACE has a significant interest in this action and should therefore be joined as an indispensable party.  According to Plaintiffs, this interest arises from the USACE's duty to ensure Plaintiffs' compliance with the permits governing the use of the land where the disputed appurtenances are located.[2]  Plaintiffs posit that proceeding without a joinder

---

[2]The Clean Water Act charges the USACE with issuing permits for the discharge of filled material into the waters of the United States, including wetlands.  The purpose of this permit

of the USACE can result in an impermissibly inequitable outcome. Plaintiffs also argue that any relief for Defendants will be inequitable because it will expose Plaintiffs to a dilemma of the type that Rule 19 is intended to prevent, namely that Plaintiffs will face a substantial risk of incurring multiple, inconsistent obligations for the reasons that follow.

First, the relief prayed for in Defendants' counterclaim will result in Plaintiffs leaving the land in a condition that Plaintiffs understand to be contrary to USACE stipulations in the permit. By deviating from the permits without USACE permission, Plaintiffs will be subject to monetary fines from the USACE. Second, a judgment granting relief to the Defendants will result in a *de facto* modification of the permits, which would not be binding on the USACE since it is not a party to the proceedings. Third, Plaintiffs assert that Defendants' counterclaim is simply a collateral attack on the validity of the permits themselves and, as such, the USACE should be joined as a party so that it may defend its decisions against such claims. Alternatively, Plaintiffs seek dismissal of Defendants' counterclaim if the Court chooses not to join the USACE to these proceedings.

Defendants oppose the motion to join the USACE, arguing that it is not a necessary party to these proceedings. Defendants

---

procedure is to minimize the impact of such discharges on wetlands.

also argue that the counterclaim's prayer for relief that pertains to the USACE is simply for the Court to make determinations of: (1) the identity of the parties responsible for complying with the permits; and (2) determining the particular obligations arising from the permits towards each construction or item installed or placed on Defendants' properties since the issuance of the permits.

## **DISCUSSION**

### **Joinder of the USACE**

A court considering a Rule 12(b)(7) request must make two inquiries under Rule 19. First, the court must determine under Rule 19(a) whether a party should be joined to the lawsuit. If joinder of that party is warranted, then the party should be brought into the lawsuit. However, if such joinder destroys the court's jurisdiction, then the court must determine under Rule 19(b) whether to proceed without the required party or to dismiss the litigation. HS Resources, Inc. v. R. Wingate, 327 F.3d 432, 439 (5th Cir. 2003). Rule 19(a) requires the joinder of a person who is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction," if the court cannot accord complete relief in that person's absence or if that person is so situated that disposing the action in that person's action would leave an existing party "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

obligations." Fed. R. Civ. Pro. 19(a).

Rule 19(b) states that if it is not feasible to join a person who is required to be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. Pro. 19(b).

The issue in this dispute is the determination of what Plaintiffs must do to comply with its obligation to restore Defendants' land to its pre-permit condition. Defendants' counterclaim prays for, *inter alia*, a determination of the identity of the party or parties responsible for complying with obligations arising from the USACE permits and a determination of the particular obligations required by the permits. If the Court grants the relief that Defendants request, then the USACE is the single most appropriate body to interpret the permits which it issued. Similarly, if the Court grants the Plaintiffs' requested relief as prayed for in the original complaint, then the USACE will again be a critical party in determining the most appropriate relief because it is the party best suited to interpret its own permits as well as to provide guidance on which appurtenances Plaintiffs are obligated to remove in order for Plaintiffs to avoid penalties for impacting wetlands.

In light of the relief prayed for by each party, it is evident that the presence of the USACE in these proceedings is

indispensable to provide complete relief among the existing parties, thus satisfying the requirements of Rule 19(a). If the USACE does not join these proceedings, there is a substantial risk that Plaintiffs may incur double, multiple, or otherwise inconsistent obligations if Defendants' counterclaim is successful and Plaintiffs face a court order countering the requirements stipulated in the USACE permits. Such a risk and the potential inequities that it poses to Plaintiffs is substantial enough to make the USACE a required party for these proceedings under Rule 19(a). Because the joinder of the USACE will not destroy jurisdiction, further analysis under Rule 19(b) is unnecessary.

In their opposition to Plaintiffs' motion for joinder, Defendants assert that their counterclaim does not challenge the USACE's permits or the conditions of those permits, but rather only requests that the Court determine what obligations are owed under those permits. Because Defendants are not demanding relief from the USACE, they believe that the USACE is not a necessary party to these proceedings. This reasoning is incorrect, however, in that although the Court may arrive at such determinations in adjudicating the dispute, such a decision would not be binding on the USACE in the event that the USACE interprets the permits differently from this Court. See Carlson v. Tulalip Tribes of Washington, 510 F.2d 1337, 1339 (9th Cir.

1975) (asserting that no decision made in an action in which the United States is not a party can bind the United States).  Such an outcome is exactly one of the types of multiple or inconsistent results that Rule 19 is supposed to prevent.  See Rule 19(a)(1)(B)(ii).

Accordingly, IT IS ORDERED that Plaintiff's Motion for Joinder is hereby GRANTED.

New Orleans, Louisiana this 18th day of August, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE